IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SETH MARTIN | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-24 |
| HEATHER GLOVER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Seth Martin, an inmate formerly confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against Heather Glover, Ashley Martin, Richard Bledsoe, and Bob Castleberry.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On January 15, 2020, Plaintiff claims he was assaulted multiple times by two prison officers not named as parties to this lawsuit. Plaintiff claims multiple officers witnessed the incident and at least two officers reported it to Defendant Heather Glover, a Major at the Lewis Unit. According to Plaintiff, Defendant Glover conducted an investigation into the allegations which resulted in one of his alleged assailants being removed from the unit.

On January 20, 2020, during Defendant Glover's investigation, Plaintiff claims he was retaliated against by being wrongfully placed in high security housing. As a result, Plaintiff claims he was denied his freedom and time he could spend with his family. On the same date, Plaintiff

claims Defendant Ashley Martin falsely accused Plaintiff of assaulting her. Plaintiff states he was later found guilty of the disciplinary charge, and he was moved to medium custody housing. Plaintiff claims he was slandered and harassed by other officers in retaliation for the alleged assault, but he was not transferred from the unit.

On June 17, 2020, Plaintiff alleges Defendant Richard Bledsoe wrote a false disciplinary case against him for establishing an inappropriate relationship with Defendant Ashley Martin. Plaintiff states Defendant Martin was an ex-correctional officer by that time. Plaintiff claims there was no proof of a relationship existing with Ms. Martin. According to Plaintiff, Defendant Bledsoe based the charge on a letter found in his cell from Defendant Martin. Plaintiff alleges the disciplinary case was issued in retaliation and constitutes double jeopardy. Plaintiff contends that, as a result of the disciplinary charge by Defendant Bledsoe, he was placed in high security housing at the Hughes Unit. Additionally, Plaintiff alleges he feels his life is in danger at the Hughes Unit as a result of being in high security housing.

## The Defendants' Motion

Defendants Heather Glover and Bob Castleberry have filed a Motion for Summary Judgment limited to the exhaustion of administrative remedies (doc. #28). The Defendants assert that Plaintiff failed to complete the available two-step process regarding the claims asserted against them. Accordingly, the Defendants assert the claims against them must be dismissed based on Plaintiff's failure to exhaust administrative remedies.

Standard of Review

*Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard

against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

## Analysis

*Exhaustion*

Here, Defendants Heather Glover and Bob Castleberry move for summary judgment regarding Plaintiff's claims against them because Plaintiff did not properly exhaust his allegations against them prior to filing this lawsuit through both steps of the TDCJ-CID grievance procedure in accordance with the applicable grievance rules. At the time of the claims which form the basis of Plaintiff's complaint, both moving Defendants were employed at the Gib Lewis Unit. Defendant Heather Glover was employed as a major and Defendant B. Castleberry was an assistant warden. Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison conditions case. The statute provides in pertinent part the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Texas Department of Criminal Justice, Correctional Institutions Division currently employs a two step grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004). The prisoner must pursue the grievance through both steps of the procedure for his claims to be considered exhausted. *Id*.

Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 87-91 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.,* at 90-91.

The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending, and district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Id.*

Grievances should contain sufficient detail to give prison officials fair notice of the problem and an opportunity to address the problem that will later form the basis of a lawsuit. *See Johnson*, 385 F.3d at 516-17. "If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know - and a prisoner could ordinarily be expected to provide - details regarding who was involved and when the incident occurred, or at

least other available information about the incident that would permit an investigation of the matter." *Id.* at 517.

The competent summary judgment evidence in this case shows that there is no genuine issue of material fact that Plaintiff failed to properly exhaust the available grievance procedure by submitting sufficiently detailed grievances in a procedurally correct manner through all steps of the grievance procedure prior to filing this action. The only grievances Plaintiff exhausted through both steps of the grievance procedure do not mention Defendants Glover and Castleberry and do not contain sufficient detail to give prison officials fair notice of the problem and an opportunity to address the problem that forms the basis of Plaintiff's lawsuit against Defendants Glover and Castleberry.

Here, Plaintiff did not properly pursue his claims against Defendants Glover and Castleberry through all steps of the grievance process in a procedurally correct manner prior to filing his complaint. Accordingly, because Plaintiff failed to properly exhaust the available administrative remedies as required by 42 U.S.C. § 1997e, the Defendants' Motion for Summary Judgment should be granted.

## Recommendation

Defendant Glover and Castleberry's Motion for Summary Judgment should be granted, and Plaintiff's complaint should be dismissed against such Defendants.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 15th day of August, 2023.**

                                   _____
                                   Christine L Stetson
                                   UNITED STATES MAGISTRATE JUDGE