IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SETH MARTIN | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-24 |
| HEATHER GLOVER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Seth Martin, an inmate formerly confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On January 15, 2020, Plaintiff claims Defendant Ashley Martin lied that Plaintiff grabbed her hands and falsely accused him of assault in a disciplinary case against him. Additionally, Plaintiff claims the disciplinary case was the beginning of retaliation he received as a result of allegedly being assaulted by two prison officials on the same date.

Next, Plaintiff claims Defendant Richard Bledsoe, a sergeant, filed a false disciplinary case against him for establishing an inappropriate relationship with Defendant Martin. Plaintiff claims he was transferred from the Lewis Unit to the Hughes Unit and was placed in high security custody classification as a result of the disciplinary conviction. Plaintiff claims this disciplinary case was also retaliatory.

Finally, Plaintiff's complaint, liberally interpreted, asserts that the Defendants failed to follow prison rules and he was denied due process during the prison disciplinary convictions.

## The Defendants' Motion

Defendants Ashley Martin and Richard Bledsoe have filed a Motion for Summary Judgment. (Doc. #32.) The Defendants assert that Plaintiff failed to establish a physical injury as required by the Prison Litigation Reform Act ("PLRA") to be entitled to receive compensatory damages, Plaintiff's claims against them in their official capacity are barred by the Eleventh Amendment, Plaintiff has failed to prove a violation of a constitutional right, and they are entitled to qualified immunity.

As of this date, Plaintiff has not filed a response in opposition to the Defendants' Motion for Summary Judgment. Accordingly, the matter is now ripe for consideration.

## Standard of Review

*Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

*Qualified Immunity*

The doctrine of qualified immunity affords protection to officials against individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably have been

thought consistent with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v Creighton*, 483 U.S. 635, 638 (1987).

Federal courts have traditionally used a two-step test to determine whether defendants are entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must consider whether "the facts alleged show the officer's conduct violated a constitutional right." *Id.* Second, if a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Id.* "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987), *internal citations omitted)*. "[A] state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2004). A plaintiff must prove that the officer's actions were objectively unreasonable within that legal context. *See Saucier*, 533 U.S. at 206; *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998). The Supreme Court held that the rigid structure of *Saucier* is no longer required and that the "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in the light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Analysis

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Eleventh Amendment Immunity*

In his complaint, Plaintiff did not specify whether he sued the Defendants in their individual or official capacities. To the extent that Plaintiff's Complaint may be interpreted as asserting claims against the Defendants in their official capacities, the Defendants move for dismissal under Rule 12(b)(1) based on Eleventh Amendment immunity.

Sovereign immunity prohibits "private suits against nonconsenting states in federal court." *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), *cert. denied*, 141 S.Ct. 1047 (2021). The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985); *Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (UTMB is immune from suit); *Harris v. Angelina County, Texas*, 31 F.3d 331, 337 n.7 (5th Cir. 1994) (TDCJ is immune from suit). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). In *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989), the Supreme Court held that "neither a State nor

its officials acting in their official capacities are 'persons' under § 1983." The Supreme Court upheld the dismissal of the Michigan Department of State Police and its Director sued in his official capacity. *Id.* The Fifth Circuit has accordingly "held that the Eleventh Amendment bars recovering § 1983 money damages from [state] officers in their official capacity." *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). This immunity extends to lawsuits for injunctive relief as well as for monetary damages. *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280-81 (5th Cir. 2002). Here, as the Eleventh Amendment bars recovery regarding Plaintiff's claims against the Defendants in their official capacities, the Defendants' motion should be granted.

*False Disciplinary Charges*

Plaintiff claims the disciplinary charges written against him by Defendants Martin and Bledsoe are false and that Defendant Martin lied against him. These allegations are liberally construed as claims for malicious prosecution.

To establish a claim for malicious prosecution, a plaintiff must show: (1) the commencement or continuation of an original criminal proceeding; (2) the legal causation of the proceeding by the present defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the absence of probable cause for the proceeding; (5) malice in commencing the proceeding; and (6) damages. *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023). To demonstrate a favorable termination, the plaintiff need only show that the prosecution ended without a conviction. *Thompson v. Clark*, 596 U.S. 36, 49 (2022).

In this case, Plaintiff was found guilty of both disciplinary charges against him, an unfavorable termination of the proceedings from Plaintiff's point of view. As a result, Plaintiff's

allegations regarding Defendants Martin and Bledsoe fail to state a claim upon which relief may be granted, and the Defendants' Motion for Summary Judgment should be granted.

*Due Process*

Plaintiff claims the disciplinary charges written against him by Defendants Martin and Bledsoe are false and he was denied due process during the disciplinary hearings. A review of Plaintiff's disciplinary report written by Defendant Bledsoe, case number 20200216518, reveals that Plaintiff was convicted of the charge against him and lost 90 days' good conduct time. (Doc. #32-2 at *3). Further, a review of the disciplinary charge written by Defendant Martin reveals Plaintiff was also convicted of this charge and lost 75 days' good conduct time. (Doc. #32-2 at *11). Because Plaintiff was convicted of disciplinary violations related to the incidents in this case, Plaintiff's claim for damages must be reviewed for being barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> In order to recover damages for alleged unconstitutional convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the imprisonment or its duration has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting in which a prisoner suffered the loss of good time credits, and held that a state prisoner's claims for damages and declaratory relief that necessarily imply the invalidity of the punishment imposed in a disciplinary conviction are not cognizable in a 42 U.S.C. § 1983 proceeding.

*Balisok*, 520 U.S. at 646-48. A claim for damages based on a conviction or sentence that has not been so invalidated does not state a cause of action. If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the plaintiff's confinement, the action should be allowed to proceed, in the absence of any other bar to the suit. *Id*.

Where a plaintiff has been convicted of assaulting the arresting officer, success on a claim for excessive force will necessarily implicate the validity of the particular conviction and thus invoke *Heck's* bar to relief. *See, e.g., Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000) (holding that excessive force claims "barred as a matter of law if brought by an individual convicted of aggravated assault related to the same events"); *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999) (holding that a claim of excessive force is necessarily inconsistent with a criminal conviction for aggravated assault of a public servant because the conviction necessarily means that the assaulter had no self-defense justification for the assault and holding that a conviction for aggravated assault premised on the infliction of "serious bodily injury" bars an excessive force claim under § 1983 stemming from the events of the aggravated assault because, as a matter of law, the force exerted to protect oneself against an aggravated assault "cannot, under *Heck*, be deemed excessive").

Plaintiff was convicted of assaulting an officer for the alleged assault against Defendant Martin and was convicted of establishing an inappropriate relationship with Defendant Martin in the case written by Defendant Bledsoe. Plaintiff's claims that the disciplinary charges were false necessarily implies the invalidity of the convictions. Plaintiff has neither alleged nor demonstrated that either disciplinary conviction has been overturned or otherwise invalidated. Accordingly, Plaintiff's claims against Defendants Martin and Bledsoe fail to state a claim upon which relief may be granted.

*Retaliation*

Next, Plaintiff claims the disciplinary charges written against him by the Defendants were in retaliation for an alleged earlier assault against him by two other prison officials.

Under the First Amendment, prison officials may not retaliate against an inmate "for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). In order to state a valid claim for retaliation, "a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (quoting *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). "Causation, in turn, requires a showing that but for the retaliatory motive the complained of incident . . . would not have occurred." *DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019) (internal quotation and citation omitted). Prisoner claims of retaliation must be regarded with skepticism which "places a significant burden on the inmate." *Woods*, 60 F.3d at 1166. Mere conclusory allegations of retaliation will be insufficient to state a retaliation claim. *Id.* "An inmate must produce direct evidence of motivation for the retaliation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (internal quotations and citations omitted).

In this case, Plaintiff has failed to show either a retaliatory motive or causation regarding his claims against either of the Defendants. Plaintiff has failed to produce either direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. Plaintiff's allegations of retaliation are no more than mere speculation on the part of Plaintiff. Thus,

9

Plaintiff has failed to state a claim of retaliation under § 1983 against the Defendants. Accordingly, the Defendants' Motion for Summary Judgment should be granted.

*Violations of Prison Policy*

Plaintiff also claims the Defendants violated prison rules or policies. Plaintiff's claims, however, fail to state a claim upon which relief may be granted. The Defendants' failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Accordingly, Plaintiff's claims are without merit and should be dismissed.

Finally, as Plaintiff has failed to establish a constitutional violation with respect to any of his claims, the Defendants are entitled to qualified immunity.

## Recommendation

The Defendants' Motion for Summary Judgment should be granted, and Plaintiff's complaint should be dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 3rd day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE